NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: MYSTIC TANK LINES CORP., | : | Case No. 04-28333 (RTL) |
| Debtor. | : | |
| MYSTIC TANK LINES CORP., | : | |
| Appellant, | : | Civil No. 05-4783 (AET) |
| v. | : | MEMORANDUM & ORDER |
| STATE OF NEW YORK, et al., | : | |
| Appellees. | : | |

THOMPSON, U.S.D.J.

    This matter is before the Court on Appellant Mystic Tank Lines Corp.'s ("Mystic") motion to supplement the record in its appeal of the Bankruptcy Court's August 22, 2005 decision. Appellate jurisdiction rests with this Court pursuant to 28 U.S.C. § 158(a). The Court considers this motion based on the submissions of the parties and without oral argument pursuant to Fed. R. App. P. 27(e). For the reasons stated below, the motion is granted.

    Mystic moves to supplement the record on appeal with two stipulations entered into by the State of New York in a case heard by the New York Supreme Court in Albany County. In that case, the state court entered a default judgment against Mystic in favor of the State of New York. That judgment is presumably the basis for a claim filed by the State of New York in Mystic's bankruptcy. The Bankruptcy Court denied Mystic's motion to expunge the State of

New York's claim on August 22, 2005.  Mystic alleges that the two stipulations, which were discovered after the hearing for the motion to expunge, are directly relevant to the Bankruptcy Court's determination of that motion because they would have precluded the state court from entering default judgment against Mystic.  Appellees have not filed any opposition to Mystic's motion to supplement the record.

>Bankruptcy Rule 8006 governs the record on appeal and provides that
>
>[w]ithin 10 days after filing the notice of appeal . . . , the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal . . . .  The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court.

Fed. R. Bankr. P. 8006.  Rule 8006 does not address the procedure for supplementing the items designated for the record on appeal.  Other courts, in addressing this issue, have turned to Fed. R. App. P. 10(e) for guidance.  In re W.T. Grant Co., 432 F. Supp. 105, 106 n.2 (S.D.N.Y. 1977); In re Food Fair, Inc., 15 B.R. 569, 571 (Bankr. S.D.N.Y. 1981); In re Saco Local Dev. Corp., 13 B.R. 226, 228-29 (Bankr. D. Me. 1981); see Fed. R. Bankr. P. 8018(b).  Fed R. App. P. 10(e) allows the appellate court to supplement the record if "anything material to either party is omitted from . . . the record by error or accident."

Generally, documents not considered by the trial court are not permitted to be part of the record on appeal.  In re Ames Dep't Stores, Inc., 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) (citing In re Food Fair, 15 B.R. at 572).  However, a record may be supplemented by "materials from cases closely related to the appeal."  See In re Food Fair, 15 B.R. at 572 (citing In re Saco, 13 B.R. at 230); see also In re Tobago Bay Trading Co., 142 B.R. 534, 536 (Bankr. N.D. Ga. 1992).  The appellate court should take note that "such materials were not considered by the trial

court in reaching its decision in the matter on appeal." In re Food Fair, 15 B.R. at 572.

The Court concludes that the stipulations should be added as a supplement to the record on appeal as materials from a case closely related to the appeal.  Although the stipulations may not have been considered by the Bankruptcy Court because Mystic discovered them after that court's hearing on the State of New York's claim, both parties in this appeal have referred to the stipulations in their briefs.  In addition, Mystic seeks to use the stipulations to establish a position previously taken by the State of New York, and not to determine disputed facts.  See In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205 (3d Cir. 1995).  By including these documents in the record, the Court will be able to fully consider the arguments in Mystic's appeal of the Bankruptcy Court's decision.

For the foregoing reasons,

IT IS on this 12th day of December, 2005,

ORDERED that the two stipulations attached to Mystic's motion papers as Exhibits "A" and "B" are designated as part of the record on appeal; and it is further

ORDERED that Mystic shall direct the clerk of the court to forward a copy of the designated record to the Court in accordance with Bankruptcy Rule 8006 within 10 days from entry of this Order.

s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.